## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CECIL STATEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 3:06-CV-533-TS |
| ) | |
| J. DAVID DONAHUE and WILLIAM WILSON, ) | |
| ) | |
| Defendants. ) | |

### ORDER

Cecil Staten, a *pro se* prisoner, submitted a 42 U.S.C. § 1983 complaint with his notarized signature. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss a complaint. *Weiss v. Colley*, 230 F.3d 1027, 1029 (7th Cir. 2000). *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Staten alleges that the free weights at the Westville Correctional Facility have been ordered removed and replaced with weight machines. He alleges that the free weights present no safety or security threat. He also alleges that he contributes to the recreation fund and that he therefore has a property interest in that money, how it is spent, and presumably the property it purchases.

> Federal judges must always be circumspect in imposing their ideas about civilized and effective prison administration on state prison officials. The Constitution does not speak with precision to the issue of prison conditions (that is an understatement); federal judges know little about the management of prisons; managerial judgments generally are the province of other branches of government than the judicial; and it is unseemly for federal courts to tell a state how to run its prison system.

*Scarver v. Litscher*, 434 F.3d 972, 976-77 (7th Cir. 2006) (quotation marks and ellipsis omitted).

> Prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. That deference extends to a prison security measure taken in response to an actual confrontation with riotous inmates, just as it does to prophylactic or preventive measures intended to reduce the incidence of these or any other breaches of prison discipline. It does not insulate from review actions taken in bad faith and for no legitimate purpose, but it requires that neither judge nor jury freely substitute their judgment for that of officials who have made a considered choice.

*Whitley v. Albers*, 475 U.S. 312, 321–22 (1986) (citations, ellipsis, and quotation marks omitted).

It is not "for the limited competence of federal judges to micromanage prisons." *Bruscino v. Carlson*, 854 F.2d 162, 165 (7th Cir. 1988). A state prison's decision to substitute weight machines for free weights is not appropriately decided by a federal court. Without regard to whether free weights pose either a safety or security threat, decisions about particular pieces of exercise equipment are properly left to prison administrators.

Though a total lack of exercise would state a claim where "movement is denied and muscles are allowed to atrophy," *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985), the denial of "desirable, entertaining diversions . . . [do] not raise a constitutional issue," *Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988). Thus, the Constitution would not afford any protection even if the free weights were removed and not replaced with any exercise equipment. Therefore, these claims will be dismissed with prejudice.

Mr. Staten alleges that he has a property interest in the free weights and the recreation fund. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law," but a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's tort claims act (INDIANA CODE § 34-13-3-1 *et seq.*) provides for state judicial review of property losses caused by government employees, and provides an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due.") Therefore these claims will be dismissed without prejudice. Because the Court has dismissed the complaint, the motion for preliminary injunction and motion for appointment of counsel are moot.

Additionally, Mr. Staten filed two motions seeking to reconsider this court's order denying leave to proceed as a class action and assessing the full filing fee against him. He argues that because

3

class action status was denied, he and the other named plaintiffs must all pay the full filing fee. Though it is true that each named prisoner plaintiff who files a federal lawsuit must pay the full filing fee, this would have been true even if the case had been granted class action status and proceeded with counsel. "[I]f a prisoner brings a civil action . . . the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). "[E]ach prisoner [must] . . . pay the full fee . . . no matter how many other plaintiffs join the complaint." *Boriboune v. Berge*, 391 F.3d 852, 856 (7th Cir. 2004). Mr. Staten is a prisoner. He signed the complaint and had his signature notarized. Therefore he must pay the full filing fee.

For the foregoing reasons, the Court:

(1) **DISMISSES WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915A, the claims for a deprivation of property;

(2) **DISMISSES WITH PREJUDICE**, pursuant to 28 U.S.C. § 1915A, all other claims;

(3) **DENIES AS MOOT** the motion for preliminary injunction [DE 9];

(4) **DENIES AS MOOT** the motion for appointment of counsel [DE 15];

(5) **DENIES** the motion to reconsider [DE 13]; and

(6) **DENIES** the motion to proceed as a class action [DE 14].

SO ORDERED on November 22, 2006.

                                          s/ Theresa L. Springmann
                                        THERESA L. SPRINGMANN
                                        UNITED STATES DISTRICT COURT
                                        FORT WAYNE DIVISION